**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DUDE PRODUCTS, LLC,

            Plaintiff,

v.

POOTRICKS, LLC; and PATRICK PERRINE,

            Defendants.

Civil Action No. 26-cv-3157

Judge

Magistrate Judge

JURY DEMANDED

**COMPLAINT FOR WILLFUL TRADEMARK INFRINGEMENT, AND UNFAIR
COMPETITION CAUSES OF ACTION**

Plaintiff DUDE Products, LLC ("DUDE Products") files this Complaint and brings this

action against Defendants PooTricks, LLC and Patrick Perrine (collectively, "Defendants"), and

alleges as follows:

**NATURE OF ACTION**

1.      DUDE Products is an innovator and creative leader in the bathroom hygiene field

and helped pioneer a new market category for flushable wipes used in bathrooms across the

country. As a result of its long-standing use, nationwide sales, and widespread consumer

recognition, DUDE Products owns strong trademark rights in its DUDE®, DUDE WIPES®, and

DUDE BOMBS® marks, including federally registered trademarks used in connection with wipes

and toilet deodorizing products.

2.      Seeking to take advantage of DUDE Products' success and popularity, Defendants

intentionally chose a confusingly similar brand, DUDE MAGIC, for its own line of toilet

deodorizers.

3.      In order to stop this willful infringement, DUDE Products now brings this action

for willful trademark infringement, and unfair competition in violation of the Lanham Act, 15

U.S.C. §§ 1114(1) and 1125(a); deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.*; consumer fraud in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.*; and unfair competition in violation of Illinois common law.

4. This action results from Defendants' unauthorized marketing, distribution, and/or sale of toilet deodorizers under the confusingly similar DUDE MAGIC mark within this District. Defendants' willful infringement of DUDE Products' distinctive and registered DUDE®, DUDE WIPES®, and DUDE BOMBS® marks causes harm to DUDE Products and individuals in the State of Illinois and this District. These actions are unlawful and without authorization.

**THE PARTIES**

1. Plaintiff DUDE Products, LLC is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

2. Defendant PooTricks, LLC ("PooTricks") is a California limited liability company with its principal place of business in San Diego, California. PooTricks operates the website at www.dudemagic.com.

3. Defendant Patrick Perrine ("Perrine") is an individual and resident of San Diego, California. Perrine is the founder, owner, and controlling officer of Defendant PooTricks, LLC and exercises substantial control over its operations, branding, marketing, and product development. Perrine is also the owner listed in U.S. Trademark Registration No. 7,703,748 for the mark DUDE MAGIC.

4. Defendants target their business activities toward consumers in Illinois, including within this District, through the distribution and sale of toilet deodorizers in this region, such that Defendants have purposefully availed themselves of the benefits of doing business in Illinois and

2

can reasonably anticipate being hauled into court in Illinois. Specifically, on information and belief, Defendants are distributing, offering for sale, and/or selling, without authorization, infringing toilet deodorizers bearing DUDE Products' registered DUDE® trademarks to customers within this District, including through Defendants' website and online marketplaces accessible to consumers in Illinois.

5.      As a result, the Defendants transact business in this District and have sufficient minimum contacts with the State of Illinois.

6.      By selecting and using a mark that is confusingly similar to DUDE Products' registered DUDE®, DUDE WIPES®, and DUDE BOMBS® marks, Defendants' conduct is done with the knowledge and intent that such infringing products will be mistaken for the original toilet deodorizers and personal hygiene products offered by DUDE Products. In undertaking these deliberate acts, including all facts and allegations set forth below, which are incorporated herein by reference, Defendants have caused substantial harm to DUDE Products in the State of Illinois knowing that such harm would be felt here. DUDE Products has no ability to control the nature and quality of Defendants' infringing product under its trademarks. As a result, Defendants had fair warning that they may be called before an Illinois court in this District.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction over DUDE Products' federal claims pursuant to the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a). This Court also has subject matter jurisdiction over DUDE Products' federal claims pursuant to 28 U.S.C. § 1332 because there is a complete diversity of citizenship between DUDE Products and Defendants and the amount in controversy, exclusive of interest and costs, exceeds $75,000. This Court has supplemental jurisdiction over DUDE Products' state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

3

8. This Court has personal jurisdiction over Defendants pursuant to the Illinois long-arm statute, 735 Ill. Comp. Stat. 5/2-209 *et seq.*, and such an assertion is in accordance with the Due Process clause of the Fourteenth Amendment of the United States Constitution, because Defendants transact business in this District, including the infringing conduct described herein, and have purposefully directed such business activities to consumers in this District.

9. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because DUDE Products is doing business in this District, and a substantial part of the events giving rise to the claims occurred in this District. Moreover, because Defendants are subject to personal jurisdiction in this District, venue is proper in this District.

10. Assignment of this action to the Eastern Division is proper because a substantial part of the events giving rise to the claims alleged herein occurred in this Division.

### DUDE PRODUCTS' HISTORY AND STRONG DUDE AND DUDE-FORMATIVE MARKS

11. DUDE Products is an award-winning innovator and retailer of personal care products in the U.S., offering a wide range of personal care goods, including flushable wipes, face and body wipes, toilet bowl fragrances, and related retail services under its family of DUDE and DUDE-formative trademarks, including DUDE WIPES and DUDE BOMBS, among others (collectively, the "DUDE Marks").

12. The DUDE Marks are extensively used and advertised together such that goods bearing the DUDE Marks are recognized by the trade and consumers as part of a family of marks originating from a single source, namely, DUDE Products.

13. Since its launch in 2012, DUDE Products has rapidly expanded and today sells its DUDE-branded products online, including on Amazon and its website www.DudeWipes.com, in addition to major brick-and-mortar grocery, pharmacy, and mass merchandise consumer retail

stores, as well as through online retail platforms accessible to consumers nationwide, such as Walmart, Sam's Club, Albertsons, Target, Kroger, Costco, Publix, Mariano's Jewel Osco, and others.

14. DUDE Products has continuously sold DUDE-branded products since 2012, and has derived substantial revenue from products sold under the DUDE Marks. For example, for more than a decade DUDE Products has sold DUDE and DUDE WIPES-branded products in more than 15,000 stores nationwide resulting in annual retail sales in excess of $300 million and well over 4.5 billion wipes sold under the DUDE WIPES® brand.

15. In addition, as part of its expansion into the bathroom hygiene product category, in 2020, DUDE Products introduced DUDE BOMBS®, a toilet deodorizing product designed to eliminate odors in toilets and bathrooms. DUDE BOMBS® are marketed and sold nationwide and are promoted as part of DUDE Products' broader line of DUDE-branded bathroom products.

16. DUDE Products has expended a substantial amount of time and money on advertising, marketing, and promoting the DUDE Marks through national marketing campaigns, social media promotion, and other forms of advertising, further increasing consumer recognition of the DUDE Marks. For example, DUDE Products has enjoyed multiple successful national advertising campaigns for products sold under the DUDE Marks, including, *inter alia*, promotional videos on YouTube and major sponsorships with the NFL's Cleveland Browns and Philadelphia Eagles, certain professional MMA, PGA, and NASCAR athletes, the MLS New York City Football Club, the Professional Bowling Association, and WWE. Moreover, since 2015, DUDE Products garnered widespread recognition from its successful appearances on ABC's popular television show *Shark Tank*.

17. DUDE Products has a significant presence on the internet, including at its current

website www.DudeWipes.com, which serves as an online storefront for DUDE-branded products, as well as on social media platforms where it actively promotes its DUDE-branded products. DUDE Products has more than 396,000 TikTok followers, 139,000 Instagram followers, more than 55,000 Facebook followers, and more than 40,000)\ X/formerly Twitter followers. DUDE Products' use of the DUDE Marks on the internet, including prominent use of the family of DUDE Marks, reinforces the importance of the DUDE Marks to DUDE Products and strengthens the consuming public's recognition of the DUDE Marks.

18. As a result of the widespread use, continuous sales, and extensive advertising and promotion of goods and services under the DUDE Marks, substantial goodwill and national reputation have accrued to DUDE Products' family of DUDE Marks, which share the common and distinctive element "DUDE" that consumers recognize as identifying products originating from DUDE Products. Such goodwill in and to the DUDE Marks was generated long before Defendants' use, adoption and filing of the application for the DUDE MAGIC mark. For example, DUDE Products' DUDE BOMBS® products were introduced several years before Defendants applied for and began using the DUDE MAGIC mark.

19. Due to its long-standing and continuous nationwide and widespread use, DUDE Products owns extensive common law rights in the DUDE Marks in connection with personal hygiene, toilet deodorizers, and other bathroom-related products and related services, and consumers encountering marks incorporating the term DUDE expect those products to originate from, be affiliated with, or be approved by DUDE Products.

20. As a result of DUDE Products' extensive promotion, nationwide sales, and widespread consumer recognition, the DUDE family of marks has become well known to consumers as identifying a line of products originating from DUDE Products.

**DUDE PRODUCTS' STRONG AND DISTINCTIVE TRADEMARKS**

21.    DUDE Products' trademarks have earned substantial fame and considerable goodwill among the public and are critical to DUDE Products' business success. DUDE Products owns extensive common law rights in the DUDE®, DUDE WIPES®, and DUDE BOMBS® brands in connection with wipes and toilet deodorizers.

22.    In addition to its strong common law rights in the DUDE Marks, DUDE Products owns the following U.S. trademark registrations, all of which are legally and validly registered on the Principal Register of the United States Patent and Trademark Office ("USPTO"):

| Mark/Reg. No. | Goods | Status |
| --- | --- | --- |
| DUDE RN: 5,060,891 | Cl. 3: Disposable wipes for personal hygiene | Incontestable |
| DUDE RN: 5,795,805 | Cl. 3: Disposable wipes impregnated with cleansing compounds for use on the face | Registered |
| DUDE RN: 7,871,276 | Cl. 3: Baby wipes impregnated with cleaning preparations; toddler wipes impregnated with cleaning preparations | Registered |
| DUDE BOMBS RN: 7,525,927 | Cl. 3: Toilet bowl fragrances and cleaning preparations | Registered |
| DUDE WIPES RN: 4,703,555 | Cl. 3: Pre-moistened biodegradable towelettes containing vitamin e and aloe for personal hygiene use | Incontestable |
| DUDE WIPES RN: 4,286,125 | Cl. 3: re-moistened biodegradable towelettes containing vitamin e and aloe for personal hygiene use | Incontestable |

True and correct copies of current status and title reports from the USPTO's Trademark Status and Document Retrieval ("TSDR") system for the registrations listed above (the "DUDE Registrations") and Certificates of Registration are attached hereto as Exhibit A.

23.    Pursuant to 15 U.S.C. § 1057(b), DUDE Products' federal registrations are *prima facie* evidence of the validity of its registered DUDE®, DUDE WIPES®, and DUDE BOMBS®

marks as well as DUDE Products' ownership and exclusive right to use its registered DUDE®, DUDE WIPES®, and DUDE BOMBS® marks in connection with the goods identified in the registration certificates, namely, wipes and toilet deodorizers. Moreover, DUDE Products' federal registrations for DUDE® and DUDE WIPES® are incontestable under 15 U.S.C. § 1065. Pursuant to 15 U.S.C. § 1115(b), DUDE Products' incontestable registrations are *conclusive* evidence of the validity of the DUDE® and DUDE WIPES® marks, DUDE Products' ownership of the marks, and DUDE Products' exclusive right to use the DUDE® and DUDE WIPES® marks in commerce in connection with wipes.

24. In short, the DUDE Marks are distinctive assets of immeasurable value and identifiers of legitimate DUDE Products personal hygiene and toilet products. The goodwill symbolized by the DUDE Marks belongs exclusively to DUDE Products and dates back more than a decade, long before Defendants' adoption and use of the DUDE MAGIC mark.

**DEFENDANTS' INFRINGING CONDUCT IN VIOLATION OF THE DUDE® MARKS**

25. Defendants' mark DUDE MAGIC incorporates DUDE Products' distinctive DUDE mark in its entirety and is used in connection with the identical goods, namely, toilet deodorizers.

26. Upon information and belief, Defendants selected the DUDE MAGIC mark to capitalize on the substantial goodwill and recognition associated with DUDE Products' DUDE brand and to create the false impression that Defendants' products are affiliated with, sponsored by, or approved by DUDE Products.

27. Perrine adopted and promoted the DUDE MAGIC mark with knowledge of the DUDE Marks and the success of the DUDE wipes and DUDE BOMBS toilet deodorizers.

28.     Perrine selected and approved the DUDE MAGIC mark and directed its use on product packaging, websites, and promotional materials.

29.     Perrine personally directed and controlled the marketing, advertising, and sale of the DUDE MAGIC products through Defendants' website, online marketplaces, and other promotional channels.

30.     On May 22, 2024, Perrine filed a use-based application to register the mark DUDE MAGIC in Class 5 for "Deodorizers for toilets; Disinfectant toilet bowl cleaners" claiming use since May 1, 2024. The application proceeded to registration on February 25, 2025, under Reg. No. 7,703,748. A true and correct copy of current status and title report from the TSDR system for this registration and the Certificate of Registration are attached hereto as Exhibit B.

31.     Despite having constructive and actual knowledge of DUDE Products' prior rights and the well-known nature of the DUDE Marks, Defendants are advertising, marketing, distributing, offering for sale, and/or selling toilet deodorizers in interstate commerce bearing and/or using the DUDE Marks, all without authorization or consent from DUDE Products.

32.     Defendants have engaged in a deliberate scheme to copy DUDE Products' successful and well-known DUDE brand for their own gain and there can be no excuse for this conduct.

33.     The DUDE MAGIC toilet deodorizer was intentionally designed to mislead customers in an effort to trade on DUDE Products' valuable and extensive goodwill. Therefore, it is now clear that Defendants are seeking to build upon the strong reputation for DUDE Products' DUDE-branded products in the U.S. marketplace.

34. Defendants' adoption and use of the mark DUDE MAGIC follows the same naming convention used in DUDE Products' family of DUDE Marks and is likely to lead consumers to believe that Defendants' products are part of, affiliated with, or approved by the DUDE Products.

35. In a July 8, 2025 job posting, Defendants explicitly referred to DUDE Products' DUDE WIPES brand in describing themselves and the DUDE MAGIC brand, stating: "*Think Dude Wipes meets ~Pourri, but louder, cleaner, and built to scale.*" (Emphasis added.) *See* Exhibit C. Moreover, in a *USA Today* article dated December 4, 2025, Perrine was interviewed about the DUDE MAGIC products and admitted that his business strategy drew inspiration from DUDE WIPES and other male-focused brands. *See* Exhibit D. The July 2025 job post and December 2025 news article demonstrate not only Defendants' awareness of DUDE Products' brand and its marketplace success, but also Defendants' intent to trade on the goodwill associated with DUDE Products' DUDE brand.

36. Defendants use the internet and digital marketing channels to promote and sell the DUDE MAGIC products, including through online retail marketplaces and social media platforms that are accessible to consumers throughout the United States, including consumers in this District. Through these online channels, Defendants distribute and promote products bearing the DUDE MAGIC mark to a broad audience, thereby significantly increasing the likelihood of consumer confusion and the harm caused to the DUDE Marks.

37. Defendants are copying the DUDE Marks for use in connection with the same goods for which DUDE Products uses and owns registrations for its DUDE BOMBS Mark, namely, toilet deodorizers.

38. Defendants had constructive notice of DUDE Products' ownership of the federally registered rights to the DUDE mark under 15 U.S.C. §1072, at least as early as February 5, 2013.

39.     DUDE Products never authorized, licensed or otherwise permitted Defendants to use the DUDE Marks or any confusingly similar variation thereof.

40.     Defendants' use of the DUDE Marks is likely to mislead, deceive, and confuse the purchasing public and the trade. It is likely that consumers will mistakenly believe that Defendants are connected, associated or in some way affiliated with DUDE Products, when in fact no such connection, association or affiliation exists. As a result, Defendants' activities are likely to cause confusion and harm DUDE Products.

41.     Defendants' mark DUDE MAGIC is highly similar to the DUDE Marks because it incorporates the distinctive term "DUDE" in its entirety in the first position, and it follows the same naming convention used in DUDE Products' family of DUDE Marks.

42.     The parties' products are identical because they are both marketed as toilet deodorizing products and are sold through overlapping channels of trade, including online marketplaces and retail channels directed to the same consumers.

43.     On January 11, 2026, DUDE Products sent a cease-and-desist letter to Defendants regarding use of the DUDE MAGIC mark and DUDE Products requested that Defendants cease use of the DUDE MAGIC mark and withdraw the registration. A true and correct copy of this letter is attached hereto as Exhibit E.

44.     Since receiving the January 11, 2026, letter, Defendants refused to cease use of the DUDE MAGIC mark and have continued to sell toilet deodorizers under the DUDE MAGIC mark, and it is likely that Defendant Perrine continues to direct and approve Defendants' infringing activities.

45.     Defendants adopted the DUDE MAGIC mark with knowledge of the DUDE Marks and the success of the DUDE WIPES® and DUDE BOMBS® products. Defendants have continued

to use the DUDE MAGIC mark despite knowledge of DUDE Products' prior rights and despite DUDE Products' demands that Defendants cease such use.

46. As a result, consumers encountering Defendants' DUDE MAGIC products are likely to mistakenly believe that those products originate from, are affiliated with, or are approved by DUDE Products.

47. Simply put, there is no legitimate reason or need for Defendants to use the DUDE Marks in this fashion. The only purpose in using the DUDE Marks is to lure customers into believing they are purchasing products from DUDE Products, when they are not. This conduct squarely infringes upon DUDE Products' registered DUDE Marks.

## DEFENDANTS' INTENTIONAL ACTIONS HAVE CAUSED EXTENSIVE HARM AND DAMAGE TO DUDE

48. Defendants' willful actions are intentional and intended to trade on the reputation and goodwill of DUDE Products and the DUDE Marks. Defendants had actual knowledge and constructive notice of DUDE Products' ownership of the DUDE Marks. Despite this, Defendants proceeded to willfully infringe upon DUDE Products' rights.

49. By selecting and using marks that are confusingly similar to the DUDE Marks in connection with the same and related products, Defendants have caused substantial harm to DUDE Products in the State of Illinois knowing that such harm would be felt here.

50. Defendant Perrine's acts were knowing, intentional, and willful, and he personally directed, authorized, and participated in the infringing conduct. Accordingly, Perrine is personally liable for Defendants' trademark infringement and unfair competition – especially since he is the owner of the DUDE MAGIC registration.

12

51.     Defendants had no legitimate reason or good faith basis to use the DUDE Marks in connection with the toilet deodorizers. Defendants' continued use of the DUDE MAGIC mark despite actual notice of DUDE Products' rights demonstrates deliberate and willful infringement.

52.     Defendants' bad faith conduct causes damage and irreparable injury to DUDE Products and to its goodwill and business reputation. As a direct and proximate result of Defendants' infringement of the DUDE Marks, DUDE Products has suffered, and will continue to suffer, irreparable harm, damages and economic injury.

53.     Defendants' continued use of the DUDE MAGIC mark after receiving DUDE Products' cease-and-desist letter further demonstrates deliberate disregard for DUDE Products' trademark rights.

54.     Under the Trademark Modernization Act, 15 U.S.C. §1116(a), DUDE Products is entitled to a rebuttable presumption of irreparable harm upon a showing of trademark infringement.

55.     DUDE Products has no adequate remedy at law, and unless Defendants are restrained and enjoined by the Court, these acts will continue to cause damage and irreparable injury to DUDE Products and damage its goodwill and business reputation.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### (REGISTERED MARKS)
### 15 U.S.C. § 1114(1)

56.     As the first ground for relief, DUDE Products alleges violations of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). DUDE Products repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

57.     DUDE Products owns exclusive rights in and to the trademarks DUDE®, DUDE WIPES®, and DUDE BOMBS®, and the DUDE Registrations for these marks. As alleged herein, Defendants either had actual knowledge or constructive notice of DUDE Products' rights in the DUDE Registrations.

58.     Without DUDE Products' authorization or consent, Defendants publicly advertise, sell, offer for sale, and/or distribute infringing toilet deodorizers bearing DUDE Products' DUDE® trademarks in interstate commerce in direct competition with DUDE Products' toilet deodorizers.

59.     Defendants' unauthorized and infringing use of the marks reflected in DUDE Products' DUDE Registrations, as alleged herein, is likely to cause confusion, mistake or deception as to the source, sponsorship or approval of Defendants' goods by DUDE Products. The consuming public and the trade are likely to believe that Defendants' goods originate with DUDE Products, are licensed, sponsored or approved by DUDE Products, or in some way connected with or related to DUDE Products, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

60.     Defendants' unauthorized and infringing use of the marks reflected in DUDE Products' DUDE Registrations, as alleged herein, constitutes intentional and willful infringement of DUDE Products' rights in and to its federally registered trademarks, as pled herein, in violation Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

61.     These infringing acts have occurred in interstate commerce and have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to DUDE Products, for which DUDE Products has no adequate remedy at law.

## COUNT II

### CANCELLATION OF U.S. FEDERAL REGISTRATION
### 15 U.S.C. § 1119

62.     As the second ground for relief, DUDE Products alleges violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  DUDE Products repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

63.     DUDE Products owns prior rights in the DUDE Marks, including but not limited to the registrations for the DUDE®, DUDE WIPES®, and DUDE BOMBS® marks.

64.     DUDE Products' use and registration of the DUDE Marks predates Perrine's claimed first use of the DUDE MAGIC mark by many years as well as Perrine's filing of his U.S application for the mark DUDE MAGIC, now Trademark Registration No. 7,703,748.

65.     Perrine's DUDE MAGIC mark is confusingly similar to the DUDE Marks.

66.     Perrine's use and registration of the DUDE MAGIC mark in connection with toilet deodorizing products is likely to cause confusion, mistake, or deception among consumers.

67.     Perrine's registration of the DUDE MAGIC mark interferes with DUDE Products' prior trademark rights and damages DUDE Products.

68.     This action involves a registered mark within the meaning of 15 U.S.C. §1119, and this Court therefore has authority to order the cancellation of Perrine's registration.

69.     Because Perrine's DUDE MAGIC mark conflicts with DUDE Products' prior trademark rights, U.S. Trademark Registration No. 7,703,748 should be cancelled.

COUNT III

FEDERAL UNFAIR COMPETITION
15 U.S.C. § 1125(a)

70.     As the third ground for relief, DUDE Products alleges violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  DUDE Products repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

71.     Defendants' unauthorized use of the DUDE Marks as alleged herein, constitutes use of a false designation of origin and false or misleading representation in interstate commerce, which wrongly and falsely designates, describes and represents the origin of Defendants' goods as originating from or being connected with DUDE Products, and is likely to cause confusion, or to cause mistake, or to deceive as to Defendants' affiliation, connection or association with DUDE Products, or as to the origin, sponsorship or approval of Defendants' goods by DUDE Products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

72.     These acts have occurred in interstate commerce and have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to DUDE Products, for which DUDE Products has no adequate remedy at law.

COUNT IV

ILLINOIS DECEPTIVE TRADE PRACTICES
815 Ill. Comp. Stat. 510/1 *et seq.*

73.     As the fourth ground for relief, DUDE Products alleges violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1, *et seq.*  DUDE Products repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

74.     Defendants' unauthorized use of the DUDE Marks as alleged herein, has caused, and is likely to cause in the future, a likelihood of confusion or misunderstanding as to the

16

sponsorship, approval, affiliation or connection of Defendants' and DUDE Products' businesses, inasmuch as it gives rise to the incorrect belief that Defendants' businesses have some connection with DUDE Products. These acts constitute deceptive trade practices in the course of Defendants' businesses in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1, *et seq.*

75. These acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to DUDE Products, for which DUDE Products has no adequate remedy at law.

## COUNT V

### ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES
### 815 Ill. Comp. Stat. 505/1 *et seq.*

76. As the fifth ground for relief, DUDE Products alleges violation of the Illinois Consumer Fraud and Deceptive Businesses Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.* DUDE Products repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

77. Defendants' unauthorized use of the DUDE Marks, as alleged herein, has caused, and is likely to cause in the future, a public injury and a detrimental effect on consumers as to the origin of Defendants' goods. These acts constitute unfair methods of competition and unfair or deceptive acts or practices in violation of the Illinois Consumer Fraud and Deceptive Businesses Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.*

78. These acts have caused, and will continue to cause unless restrained by this Court, serious and irreparable injury to DUDE Products, for which DUDE Products has no adequate remedy at law.

## COUNT VI

### ILLINOIS COMMON LAW UNFAIR COMPETITION

79.     As the sixth ground for relief, DUDE Products hereby alleges unfair competition under Illinois common law. DUDE Products repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

80.     As a result of their actions complained of herein, Defendants have misappropriated valuable property rights of DUDE Products, have passed off their toilet deodorizers as those of DUDE Products, are trading off the goodwill symbolized by the DUDE Marks, and are likely to cause confusion or mistake, or to deceive members of the consuming public and the trade.  These acts constitute unfair competition in violation of the common law of the State of Illinois.

81.     These acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to DUDE Products, for which DUDE Products has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, DUDE Products prays that this Court enter a judgment and order:

1.     That Defendants willfully violated Sections 32(1) and 43(a) of the Lanham Act;

2.     That Defendants committed acts of unfair competition, deceptive business and trade practices, and consumer fraud and deceptive business practices under Illinois common and statutory law;

3.     That Defendants and their officers, directors, agents, servants, employees, affiliates, successors, shareholders, assigns and attorneys, as well as all those in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

18

A. Using the mark DUDE MAGIC or the DUDE Marks, including but not limited to the marks DUDE, DUDE WIPES, DUDE BOMBS, or any reproduction, counterfeit, copy, or colorable imitation thereof, or any confusingly similar mark, in any manner in connection with the manufacture, production, sale, offering for sale, distribution, importation, or advertising of any goods that are not genuine DUDE Products goods or not authorized by DUDE Products;

B. Importing any toilet deodorizer and wipes under the DUDE MAGIC mark or the DUDE Marks;

C. Using any name, mark, or domain name that wholly incorporates or is confusingly similar to any of the DUDE Marks, including but not limited to any reproduction, counterfeit, copy or a colorable imitation of the DUDE Marks;

D. Registering, transferring, selling, owning, controlling, or using any domain name, website, or social media account that incorporates, in whole or in part, the DUDE Marks or anything confusingly similar thereto;

E. Using or operating any website, online store, social media account, or digital advertising platform that promotes or offers for sale products bearing the DUDE MAGIC mark or any mark confusingly similar to the DUDE Marks;

F. Doing any other act or thing calculated or likely to induce or cause confusion or the mistaken belief that Defendants are in any way affiliated, connected, or associated with DUDE Products or its goods and services;

G.    Ordering Defendants to remove all listings for products bearing the DUDE MAGIC mark from online marketplaces including Amazon, Walmart Marketplace, Shopify storefronts, and any other third-party retail platforms;

H.    Licensing or authorizing others to use the DUDE Marks or any confusingly similar mark;

I.    Injuring DUDE Products' business reputation and the goodwill associated with the DUDE Marks, and from otherwise unfairly competing with DUDE Products in any manner whatsoever; and

J.    Passing off Defendants' goods as those of DUDE Products.

4.    Ordering Defendants to transfer to DUDE Products all domain names incorporating the DUDE Marks or any confusingly similar variation thereof, including but not limited to dudemagic.com.

5.    That, pursuant to 15 U.S.C. §1119, Perrine and the USPTO be ordered to cancel U.S. registration for the mark DUDE MAGIC (Reg. No. 7,703,748).

6.    That, pursuant to 15 U.S.C. §1118, Defendants be required to deliver up and destroy all products, labels, signs, packages, wrappers, advertisements, promotions and all other matter in the custody or under the control of Defendants that bear the DUDE Marks or any other mark that is likely to be confused with the DUDE Marks, including DUDE MAGIC;

7.    That, because of Defendants' willful actions and pursuant to 15 U.S.C. § 1117 and 815 Ill. Comp. Stat. §505/10a *et seq.*, DUDE Products be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

A.    All profits received by Defendants from sales and revenues of any kind made as a result of their actions, and all damages sustained by DUDE

Products as a result of Defendants' actions, and that such profits and damages be trebled; and

B. The costs of the action.

8. That, pursuant to 15 U.S.C. § 1116, Defendants be directed to file with the Court and serve on DUDE Products within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

9. That because of the exceptional nature of this case resulting from Defendants' deliberate and willful trademark infringing actions, this Court award to DUDE Products all reasonable attorneys' fees, costs and disbursements incurred by it as a result of this action, pursuant to 15 U.S.C. §§ 1117(a) and (b), 815 Ill. Comp. Stat. §510/3, and 815 Ill. Comp. Stat. §505/10a; and

10. That DUDE Products shall have such other and further relief as this Court may deem just.

## JURY DEMAND

DUDE Products demands a trial by jury on all issues so triable under Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

DUDE PRODUCTS, LLC

Dated:  March 20, 2026            By: /s/ Christian S. Morgan

Joseph T. Kucala, Jr. (Reg. No. 6275312)
Christian S. Morgan (Reg. No. 6327350)
KUCALA BURGETT LAW LLC
P.O. Box 547
New Lenox, IL 60451
Tel: 308-258-0545
courts@kbl.law

*Attorneys for Plaintiff DUDE Products, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DUDE PRODUCTS, LLC, | |
| Plaintiff, | Civil Action No. |
| v. | Judge |
| POOTRICKS, LLC; and PATRICK PERRINE, | Magistrate Judge |
| Defendants. | JURY DEMANDED |

**LIST OF EXHIBITS SUPPORTING PLAINTIFF'S COMPLAINT**
**AGAINST DEFENDANTS**

| EXHIBIT | DESCRIPTION |
|---|---|
| A | Copies of the Certificates of Registration and USPTO Trademark Status Document Retrieval ("TSDR") printouts for the DUDE Registrations |
| B | USPTO TSDR printout and Certificate of the Registration for the DUDE MAGIC Registration |
| C | True and correct printout of job posting by Defendants dated July 8, 2025 |
| D | True and correct printout of *USA Today* article dated December 4, 2025 |
| E | True and correct copy of DUDE Products' cease and desist letter to Defendants |

23